FILED

2012 May-04 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**JWV/REP: May 2012**
**GJ #3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DIANA K. McCUTCHEON** | ) |

## INDICTMENT

The Grand Jury charges that:

## Introduction

At all times material to this Indictment:

## The Defendant

1.  Diana K. McCutcheon (the defendant) was a practicing physician and owned and operated medical clinics in Elgin and Lexington, Alabama. The defendant conducted a general practice and saw patients for a wide variety of conditions and complaints.

2.  The Elgin clinic was a corporation of the state of Alabama under the name Elgin Quickmed, Inc. (Elgin clinic). The Lexington clinic was a corporation of the state of Alabama under the name Lexington Clinic, Inc. The defendant was also the owner/operator of Lexington Laser, Inc., which was in a facility adjacent to the Elgin clinic.

**Blue Cross Blue Shield**

3.  Blue Cross Blue Shield of Alabama (BCBS) was a division of Health Care Service Corporation.  BCBS was a health insurance carrier which provided health insurance to groups of individuals through employer-sponsored health insurance plans.

4.  The defendant was an enrolled provider with BCBS and was eligible for reimbursement for covered services that were rendered.

5.  BCBS reimbursed physicians for the removal, through destruction, of skin lesions when such procedures were medically necessary.  BCBS did not provide reimbursement for procedures which were not medically necessary, including procedures commonly referred to as cosmetic laser treatment of other skin conditions, including sun spots, age spots, and wrinkles.

6.  BCBS was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

**Medicare**

7.  The Medicare Program (Medicare) was a federally funded program that provided health care benefits to certain individuals, primarily individuals over 62 years of age, individuals in end stage renal failure, the blind, and the disabled. The Centers for Medicare and Medicaid Services (CMS) was a federal agency

within the United States Department of Health and Human Services (HHS), which administered the Medicare program through its contractors. Individuals who received benefits under Medicare were commonly referred to as "beneficiaries."

8. The defendant was an enrolled provider with Medicare and was eligible for reimbursement for covered services that were rendered. That is, the defendant was approved by CMS and HHS to administer services to Medicare beneficiaries and to receive compensation for the services, provided they met the requirements for reimbursement and were rendered.

9. Medicare reimbursed physicians for the removal, through destruction, of skin lesions when such procedures were medically necessary. Medicare did not provide reimbursement for procedures that were not medically necessary, including procedures commonly referred to as cosmetic laser treatment of other skin conditions, including sun spots, age spots, and wrinkles.

10. Medicare was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

**Billing Codes
and
The Defendant's Billing and Reimbursement**

11. Health care providers, including the defendant, reported professional services to health care benefit programs using a numerical format system called

3

CPT codes.

12.  To receive reimbursement for a covered service from a health care benefit program, a provider had to submit a claim form containing required information, including the CPT code.

13.  There were three CPT codes for the removal, through destruction, of skin lesions: (a) 17004 was the CPT code for the procedure when fifteen (15) or more such lesions were removed; (b) 17003 was the CPT code for the procedure when between two (2) and fourteen (14) such lesions were removed; and (c) 17000 was the CPT code for the procedure when one (1) such lesion was removed. Health care benefit programs provided reimbursement at an escalating rate for the procedure depending on how many lesions were removed.  That is, physicians were paid more when the billing code for the procedure was 17004 as opposed to 17003 and 17000.  The treated patient was expected to be responsible for a co-payment when applicable and these procedures were conducted.

14.  Upon treating or purporting to treat a patient, the defendant would fill out a "super bill" and indicate the service or treatment which had been performed. The bill would include the defendant's health benefit programs provider numbers.

15.  These "super bills" were submitted to Medical Management Associates of Florence, Alabama, with whom the defendant had a contract to perform billing

services.  Medical Management Associates then processed the "super bills,"

ensuring that appropriate CPT codes were included for the described procedure or

treatment and would submit a claim or claims to the appropriate health care benefit

program.

16.  The health care benefit program then processed the claim or claims, and

payment was made into the defendant's bank account at Bank Independent

through electronic direct deposit.

## COUNTS 1 through 27
### [18 U.S.C. § 1347]
### (Health Care Fraud)

The Grand Jury further charges that:

17.  The allegations in paragraphs 1 through 16 of this Indictment are

hereby realleged and incorporated by reference for each of COUNTS ONE

through TWENTY-SEVEN, as though fully set forth herein.

18.  From in or about May 2007, and continuing through in or about

October 2011, and more specifically on or about the dates set forth below for each

of COUNTS ONE through TWENTY-SEVEN, in Lauderdale County, within the

Northern District of Alabama, and elsewhere, the defendant,

**DIANA K. McCUTCHEON,**

did knowingly and willfully execute, and attempt to execute, a scheme and artifice

5

to defraud and to obtain by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of BCBS, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### The Scheme and Artifice to Defraud

19.  It was part of the scheme and artifice to defraud that the defendant submitted and caused the submission of reimbursement requests to BCBS for the removal of fifteen (15) or more skin lesions under CPT code 17004 for multiple patients on multiple occasions  when the patients had received non-reimbursable cosmetic laser and/or other treatments.

20.  It was further a part of the scheme and artifice to defraud that the defendant submitted and caused the submission of claims for reimbursement to BCBS for the removal of fifteen (15) or more skin lesions under CPT code 17004 using her BCBS provider number when she was not present and/or billed for treatments that were conducted by other individuals.

21.  It was further a part of the scheme and artifice to defraud that the defendant recruited or had other individuals recruit patients to undergo cosmetic laser and/or other treatments for various skin conditions, including the removal of sun spots and age spots and the treatment of wrinkles and that the defendant would

subsequently submit and cause the submission of claims to BCBS for such treatments under CPT code 17004.

22.  It was further a part of the scheme and artifice to defraud that the defendant advised patients and caused patients to be advised that the cosmetic laser and/or other treatments for various skin conditions, including the removal of sun spots and age spots and the treatment of wrinkles, would be covered under the patients' BCBS insurance.

## Execution of the Scheme

23.  The allegations in paragraphs 17 through 22 of this Indictment are hereby realleged and incorporated by reference for each of COUNTS ONE through TWENTY-SEVEN, as though fully set forth herein.

24.  On or about the date set forth below for each of COUNTS ONE through TWENTY-SEVEN, in Lauderdale County, within the Northern District of Alabama, and elsewhere, the defendant,

### DIANA K. McCUTCHEON,

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, that is, BCBS, and to obtain, by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that the defendant submitted and caused the submission of false and fraudulent claims for reimbursement to BCBS, representing that she had provided services and was entitled to reimbursement for the removal of fifteen (15) or more skin lesions under CPT code 17004:

| Count | Patients' Initials | Contract Number | Date of Service | Date of Submission |
|-------|--------------------|-----------------|-----------------|--------------------|
| 1 | E.P. | TVA902495XXX | 6/24/09 | 6/30/09 |
| 2 | E.P. | TVA902495XXX | 11/25/09 | 12/09/09 |
| 3 | E.P. | TVA902495XXX | 8/27/10 | 9/02/10 |
| 4 | T.G. | TVA900638XXX | 4/16/09 | 5/01/09 |
| 5 | T.G. | TVA900638XXX | 12/29/09 | 1/21/10 |
| 6 | T.G. | TVA900638XXX | 8/16/10 | 8/20/10 |
| 7 | J.C. | EDU11001XXX | 4/14/09 | 4/22/09 |
| 8 | J.C. | EDU11001XXX | 12/2/09 | 12/18/09 |
| 9 | J.C. | EDU11001XXX | 12/15/10 | 12/17/10 |
| 10 | B.P. | PAS840001XXX | 2/14/09 | 2/19/09 |
| 11 | B.P. | PAS840001XXX | 12/7/09 | 12/23/09 |
| 12 | B.P. | PAS840001XXX | 9/17/10 | 9/24/10 |
| 13 | S.N. | IBU884671XXX | 5/5/09 | 5/12/09 |
| 14 | S.N. | IBU884671XXX | 11/5/09 | 11/20/09 |
| 15 | S.N. | IBU884671XXX | 3/3/10 | 3/09/10 |

| 16 | C.N. | PPA827011XXX | 4/08/09 | 9/30/09 |
| 17 | C.N. | PPA827011XXX | 9/09/09 | 9/17/09 |
| 18 | C.N. | PPA827011XXX | 9/16/10 | 9/24/10 |
| 19 | C.W. | PPA817966XXX | 4/16/09 | 5/01/09 |
| 20 | C.W. | PPA817966XXX | 10/21/09 | 11/11/09 |
| 21 | C.W. | PPA817966XXX | 3/29/10 | 4/01/10 |
| 22 | M.L. | PPA807010XXX | 10/21/09 | 11/05/09 |
| 23 | M.L. | PPA807010XXX | 2/18/10 | 2/24/10 |
| 24 | M.L. | PPA807010XXX | 9/30/10 | 10/08/10 |
| 25 | S.R. | EDU010355XXX | 7/23/10 | 7/29/10 |
| 26 | S.R. | EDU010355XXX | 8/23/10 | 8/27/10 |
| 27 | S.R. | EDU010355XXX | 10/21/10 | 10/27/10 |

Each in violation of Title 18, United States Code, Section 1347.

## COUNTS 28 through 54
### [18 U.S.C. §§ 1343]
### (Wire Fraud)

The Grand Jury further charges that:

25.  The allegations in paragraphs 1 through 16 of this Indictment are hereby realleged and incorporated by reference for each of COUNTS TWENTY-EIGHT through FIFTY-FOUR, as though fully set forth herein.

26.  From in or about May, 2007, and continuing through in or about October, 2011, and more specifically on or about the dates set forth below for each

of COUNTS TWENTY-EIGHT through FIFTY-FOUR, in Lauderdale County,

within the Northern District of Alabama, and elsewhere, the defendant,

## DIANA K. McCUTCHEON,

devised and intended to devise a scheme and artifice to defraud BCBS and to

obtain money by means of materially false pretenses, representations, and

promises.

### The Scheme and Artifice to Defraud

27.  The allegations of paragraphs 19 through 22 of this indictment are

realleged and incorporated for each of COUNTS TWENTY-EIGHT through

FIFTY-FOUR as though fully set forth herein.

### THE WIRINGS

28.  On or about the date set forth below for each of COUNTS TWENTY-

EIGHT through FIFTY-FOUR, in Lauderdale County, within the Northern District

of Alabama, and elsewhere, the defendant,

## DIANA K. McCUTCHEON,

having devised said scheme and artifice to defraud BCBS, for the purpose of

executing and attempting to execute such scheme and artifice, and for obtaining

money by means of false and fraudulent pretenses, representations, and promises

from BCBS caused to be transmitted in interstate commerce, by means of a wire

communication, certain signs, signals, and sounds, that is, the electronic

submission of claims for reimbursement:

| Count | Patients' Initials | Contract Number | Date of Submission |
|-------|--------------------|-----------------|--------------------|
| 28 | E.P. | TVA902495XXX | 6/30/09 |
| 29 | E.P. | TVA902495XXX | 12/09/09 |
| 30 | E.P. | TVA902495XXX | 9/02/10 |
| 31 | T.G. | TVA900638XXX | 5/1/09 |
| 32 | T.G. | TVA900638XXX | 1/21/10 |
| 33 | T.G. | TVA900638XXX | 8/20/10 |
| 34 | J.C. | EDU11001XXX | 4/22/09 |
| 35 | J.C. | EDU11001XXX | 12/18/09 |
| 36 | J.C. | EDU11001XXX | 12/17/10 |
| 37 | B.P. | PAS840001XXX | 2/19/09 |
| 38 | B.P. | PAS840001XXX | 12/23/09 |
| 39 | B.P. | PAS840001XXX | 9/24/10 |
| 40 | S.N. | IBU884671XXX | 5/12/09 |
| 41 | S.N. | IBU884671XXX | 11/20/09 |
| 42 | S.N. | IBU884671XXX | 3/9/10 |
| 43 | C.N. | PPA827011XXX | 9/30/09 |
| 44 | C.N. | PPA827011XXX | 9/17/09 |
| 45 | C.N. | PPA827011XXX | 9/24/10 |
| 46 | C.W. | PPA869002XXX | 5/1/09 |
| 47 | C.W. | PPA869002XXX | 11/11/09 |

| 48 | C.W. | PPA869002XXX | 4/1/10 |
| 49 | M.L. | PPA807010XXX | 11/05/09 |
| 50 | M.L. | PPA807010XXX | 2/24/10 |
| 51 | M.L. | PPA807010XXX | 10/08/10 |
| 52 | S.R. | EDU010355XXX | 7/29/10 |
| 53 | S.R. | EDU010355XXX | 8/27/10 |
| 54 | S.R. | EDU010355XXX | 10/27/10 |

Each in violation of Title 18, United States Code, Section 1343.

## COUNTS 55 through 75
### [18 U.S.C. § 1347]
### (Health Care Fraud)

The Grand Jury further charges that:

29.  The allegations in paragraphs 1 through 16 of this Indictment are hereby realleged and incorporated by reference for each of COUNTS FIFTY-FIVE through SEVENTY-FIVE, as though fully set forth herein.

30.  From in or about May, 2007, and continuing through in or about May, 2012, and more specifically on or about the dates set forth below for each of COUNTS FIFTY-FIVE through SEVENTY-FIVE, in Lauderdale County, within the Northern District of Alabama, and elsewhere, the defendant,

### DIANA K. McCUTCHEON,

did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud and to obtain by means of false and fraudulent pretenses,

12

representations, and promises, money and property owned by, and under the

custody and control of Medicare, a health care benefit program, in connection with

the delivery of and payment for health care benefits, items, and services.

### The Scheme and Artifice to Defraud

31.  It was part of the scheme and artifice to defraud that the defendant

submitted and caused the submission of reimbursement requests to Medicare for

the removal of fifteen (15) or more skin lesions under CPT code 17004 for

multiple beneficiaries on multiple occasions when the beneficiaries had received

non-reimbursable cosmetic laser and/or other treatments.

32.  It was further a part of the scheme and artifice to defraud that the

defendant submitted and caused the submission of claims for reimbursement to

Medicare for the removal of fifteen (15) or more skin lesions under CPT code

17004 using her Medicare provider number when she was not present and/or

billed for treatments that were conducted by other individuals.

33.  It was further a part of the scheme and artifice to defraud that the

defendant recruited or had other individuals recruit beneficiaries to undergo

cosmetic laser and/or other treatments for various skin conditions, including the

removal of sun spots and age spots and the treatment of wrinkles and that the

defendant would subsequently submit and cause the submission of claims to

Medicare for such treatments under CPT code 17004.

34.  It was further a part of the scheme and artifice to defraud that the

defendant advised beneficiaries and caused beneficiaries to be advised that the

cosmetic laser and/or other treatments for various skin conditions, including the

removal of sun spots and age spots and the treatment of wrinkles, would be

covered under the beneficiaries' Medicare insurance.

## Execution of the Scheme

35.  The allegations in paragraphs 29 through 34 above are hereby realleged

and incorporated by reference for each of COUNTS FIFTY-FIVE through

SEVENTY-FIVE, as though fully set forth herein.

36.  On or about the date set forth below for each of COUNTS FIFTY-FIVE

through SEVENTY-FIVE, in Lauderdale County, within the Northern District of

Alabama, and elsewhere, the defendant,

## DIANA K. McCUTCHEON,

in connection with the delivery of and payment for health care benefits, items, and

services, did knowingly and willfully execute, and attempt to execute, the above-

described scheme and artifice to defraud a health care benefit program, that is,

Medicare, and to obtain, by means of materially false and fraudulent pretenses,

14

representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that the defendant submitted and caused the submission of false and fraudulent claims for reimbursement to Medicare, representing that she had provided services and was entitled to reimbursement for the removal of fifteen (15) or more skin lesions under CPT code 17004:

| Count | Beneficiaries' Initials | Social Security Number | Date of Service | Date of Submission |
|---|---|---|---|---|
| 55 | G.S. | XXX-XX-8055 | 2/09/09 | 2/18/09 |
| 56 | G.S. | XXX-XX-8055 | 8/13/09 | 8/19/09 |
| 57 | G.S. | XXX-XX-8055 | 10/18/10 | 10/25/10 |
| 58 | B.W. | XXX-XX-6536 | 2/18/09 | 11/24/09 |
| 59 | B.W. | XXX-XX-6536 | 12/17/09 | 12/29/09 |
| 60 | B.W. | XXX-XX-6536 | 9/22/10 | 9/27/10 |
| 61 | H.K. | XXX-XX-9033 | 11/24/09 | 12/4/09 |
| 62 | H.K. | XXX-XX-9033 | 3/23/10 | 3/30/10 |
| 63 | H.K. | XXX-XX-9033 | 9/23/10 | 9/28/10 |
| 64 | B.G. | XXX-XX-4496 | 2/11/09 | 2/18/09 |
| 65 | B.G. | XXX-XX-4496 | 2/11/10 | 2/24/10 |
| 66 | B.G. | XXX-XX-4496 | 5/13/10 | 5/19/10 |
| 67 | D.R. | XXX-XX-7148 | 12/1/08 | 12/10/08 |
| 68 | D.R. | XXX-XX-7148 | 6/29/09 | 7/2/09 |
| 69 | D.R. | XXX-XX-7148 | 5/7/10 | 5/14/10 |

| 70 | E.K. | XXX-XX-4678 | 1/5/10 | 2/11/10 |
| 71 | E.K. | XXX-XX-4678 | 2/5/10 | 2/15/10 |
| 72 | E.K. | XXX-XX-4678 | 8/17/10 | 8/20/10 |
| 73 | W.R. | XXX-XX-9257 | 7/7/09 | 7/10/09 |
| 74 | W.R. | XXX-XX-9257 | 11/24/09 | 12/4/09 |
| 75 | W.R. | XXX-XX-9257 | 4/28/10 | 5/10/10 |

Each in violation of Title 18, United States Code, Section 1347.

## COUNTS 76 through 96

## [18 U.S.C. §§ 1343]
## (Wire Fraud)

The Grand Jury further charges that:

37.  The allegations in paragraphs 1 through 16 of this indictment are hereby realleged and incorporated by reference for each of COUNTS SEVENTY-SIX through NINETY-SIX, as though fully set forth herein.

38.  From in or about May, 2007, and continuing through in or about May, 2012, and more specifically on or about the dates set forth below for each of COUNTS SEVENTY-SIX through NINETY-SIX, in Lauderdale County, within the Northern District of Alabama, and elsewhere, the defendant,

**DIANA K. McCUTCHEON**,

devised and intended to devise a scheme and artifice to defraud Medicare and to obtain money by means of materially false pretenses, representations, and promises.

## The Scheme and Artifice to Defraud

39.  The allegations of paragraphs 31 through 34 of this indictment are realleged and incorporated for each of COUNTS SEVENTY-SIX through NINETY-SIX, as though fully set forth herein.

## THE WIRINGS

40.  On or about the date set forth below for each of COUNTS SEVENTY-SIX through NINETY-SIX, in Lauderdale County, within the Northern District of Alabama, and elsewhere, the defendant,

## DIANA K. McCUTCHEON,

having devised said scheme and artifice to defraud Medicare, for the purpose of executing and attempting to execute such scheme and artifice, and for obtaining money by means of false and fraudulent pretenses, representations, and promises from Medicare caused to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, the electronic submission of claims for reimbursement:

| Count | Beneficiaries' Initials | Social Security Number | Date of Submission |
|---|---|---|---|
| 76 | G.S. | XXX-XX-8055 | 2/18/09 |
| 77 | G.S. | XXX-XX-8055 | 8/19/09 |
| 78 | G.S. | XXX-XX-8055 | 10/25/10 |
| 79 | B.W. | XXX-XX-6536 | 11/24/09 |
| 80 | B.W. | XXX-XX-6536 | 12/29/09 |
| 81 | B.W. | XXX-XX-6536 | 9/27/10 |
| 82 | H.K. | XXX-XX-9033 | 12/4/09 |
| 83 | H.K. | XXX-XX-9033 | 3/30/10 |
| 84 | H.K. | XXX-XX-9033 | 9/28/10 |
| 85 | B.G. | XXX-XX-4496 | 2/18/09 |
| 86 | B.G. | XXX-XX-4496 | 2/24/10 |
| 87 | B.G. | XXX-XX-4496 | 5/19/10 |
| 88 | D.R. | XXX-XX-7148 | 12/10/08 |
| 89 | D.R. | XXX-XX-7148 | 7/2/09 |
| 90 | D.R. | XXX-XX-7148 | 5/14/10 |
| 91 | E.K. | XXX-XX-4678 | 2/11/10 |
| 92 | E.K. | XXX-XX-4678 | 2/15/10 |
| 93 | E.K. | XXX-XX-4678 | 8/20/10 |
| 94 | W.R. | XXX-XX-9257 | 7/10/09 |
| 95 | W.R. | XXX-XX-9257 | 12/4/09 |
| 96 | W.R. | XXX-XX-9257 | 5/10/10 |

Each in violation of Title 18, United States Code, Section 1343.

**FORFEITURE**
**18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)**

41.     The allegations contained in COUNTS ONE through NINETY-SIX of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

42.     Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1347 or 1343 set forth in COUNTS ONE through NINETY-SIX of this Indictment, the defendant, DIANA K. MCCUTCHEON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, $1,325,000.

43.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be

      divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).

   All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

*/s/ electronic signature*
FOREPERSON OF THE GRAND JURY

            JOYCE WHITE VANCE
            United States Attorney

            */s/ electronic signature*
            RUSSELL E. PENFIELD
            Assistant United States Attorney